On this, Danty is of opinion, that this 1⅝⅜* relates only to cases where the transaction of which the writing is a proof was of necessity to be proved by writing. l$ut, ;vyeare coastil»- *701 ⅛⅞ bur «ffnt not the Roman ndr the French , . ' . , law, as it stood before the Napoleon code, Civil Code^ SIS, (M7). “ There is, lastly, an exception to the rules laid down in the foregoing S list, and gISd art. whether the creditor has 1.-st the title whieh served him as a literal proof,” &c. What are the rulés of the two articles referred to ? ⅞ ‘
First. That no parol proof shall be admitted to prove a sale of slaves or real property.
-Secondly; That no such evidence shall be admitted against or beyond what is contained in tire acts, or what may have been said before^ since, or at the time of making them.
By the 24tfth art. then, parol proof may be introduced to prove a sale of real estate or slaves, oi; to prove what may have been said .and agreed on at the time of the act, or before or ⅜0<⅞, provided the loss he proved in the manner directed by the article. No other case is provided for, no other relaxation of the law contemplated by our law, in the case of lost deeds. ■■■ - ./■
⅜ Thfe plaintiff, under this head of hisargutoen% seems) to admit that were the deed, alledged ⅛ ⅜⅛ fesfc of the sate of a house, or a ⅜⅛⅝⅛⅛ #&er kansacttoa- reqnired'JLo be reduoed <f_ writing, that tlfe *702 vioagly proved i but when the agreement ísjof , . , ' , , such a nature as might have befen proved by parol if no writing had been made, then the loss need not be proved at all.
But, we are construing a written law bearing generally on. all cases of lost deeds, and containing no such distinction, as is contended for: therefore a court that would make such distinction must legislate, which is not only forbidden by the nature of judicial functions, but expressly by statute, where it is expressly forbidden to forsake the letter of the law where it is unambiguous, under pretence of pursuing its spirit. But, if there were any equivocal expressions in this law which would justify us in examining into its spirit, it. would be uo difficult task to shew that by admitting the distinction contended for, the principal objects of enacting the law would totally fail; these objects need not again be repeated.
To exemplify this, I will state too cases: A. makes a sale to B. of a plantation and slaves ; but in reducing it to writing some material stipulation in favour of the vendee, which had been Verbally made at the time of concluding the bargains has been omitted in the act; if the vendjie produce the sale* he cánnotgivé evidence of this stipulation,’ because it is not contained ⅛⅜& *703 act s therefarei? he pretends that it is lost, and - V . . . calls witnesses to prove the bargain ;? there it is coacéded, by the plaintiff’s distinction, that the testimonial proof cannot- be admitted without proving the loss of the act; but A. makes another contract with B. relative to any-other object which might be proved by two witnesses, without writing, for instance, for the building of á ship, but for greater certainty the parties reduce ¾11 their covenants to writing, the same circumstance takes place as in the preceding supposed case ; a stipulation relative to the payment, or some article relative to the execution of the work which was agreed on verbally, wás not reduced to writing; the party w anting to supply this ©mission by verbal proof, cannot do it, if he produces the act; he, therefore, alled-ges it is lost, and without any proof of the fact, according to the distinction, taken by the plaintiff, he may dp so. He may give evidence beyond the contents of the act. He may state w hat passed at the time of making it or before or since. He may even contradict it; for the act not being produced, its contents, ag well as every other fact attending4t, must depend on the weight of parol proof. Now, I ask what possible difference is- there’ between the #wp cases Is not the danger of perjury the same# *704 Is not the temptation to concealment, as great ^,e one case? as to ⅛® other ? And can We conceive that the legislature intended any distinction, niore especially as they have expressed: none? . *, .
The true rule is this, that although parties may, in certain cases, trust the proof of their conventions to the memory of witnesses only, yet for greater certainty they may (though not obliged so to do) reduce them to writing ; but the moment they are so reduced to writing, they become subject to alb the rules,for the proof-: of written agreements, and their constructions*: and it appears to me, that it would, be a strange argument to say, that none of those rules applied in cases, where it would have been lawful for the parties to have contracted without writ* tog*
Suppose, in the case before put, of an agreement for building a ship, the plaintiff alledges in his petition, that an agreement was made for the work to be done in a certain manner and by a certain time, and on the trial, when the,plaintiff. opens his case, his first witness should declare that the agreement had been reduced to writing, and that the writing had been delivered to Ae plaintiff: and even should add, that it had been given to hi a» in his counting house *705 where there were many persons present, would ... , . , ' ... not rus adversary immediately have a right to stop the witness and call for the instrument as better evidence than the verbal proof; and would it be a sufficient excuse to say, with the plaintiff in this case^ “ the contract would have been good, although it had not been reduced to writing, therefore, although it was, I am not obliged to produce the act. It is my interest to conceal this writing because, 1 know' the witness has forgotten a part that operates against me ; there is a receipt for part of the money on the back of it, of which my adversary has no other testimony. In short, I lose my cause, if I produce the paper; I gain it by the w'ant of recollection, the prejudices, or the perjury of the witnesses, if I do not: therefore, I will keep it safe in my pocket-bool* and prove my case by parol testimony?” The court would 1 imagine, say we must have the best evidenclf that the case can afford. Here the parties have created higher evidence than the law would have required, if they had not chosen to do so ; but since there is a written contract, we will hear no evidence of a verbal one. Unless you produce proof that the higher degree of evidence has been lost, we really cannot think that, because it was delivered to you in your own shop *706 where a number of persons were present, we ' , . ,. ,, ,. „ . ought to give credit to your allegation ot its being lost.
, Such it seems to me, would be the decision of a court in the case of a suit brought on the original contract, without mentioning the written one. But, here let it be remembered, the suit is brought on the written contract, on a note without even any allusion to the consideration for which it was given : nor is that uncertainty supplied by proof. The court knows no more of the debt, than that the defendant is alledged to have made his note ; whether he owed the nioney for a tailor’s bill, for money lent, or for any other cause is neither alledged no? proved : the note, then, is the cause of action. The note must be produced, or proved to be lost in the manner prescribed by law, or the plaintiff cannot recover.
Therefore, even if the plaintiff’s new formed distinction could be established, it could never apply to a case where the suit was brought on the instrument itself, which is alledged to be lost, not on the contract which it witnessed.
§£"STo judgment was given during this term.